Dear Mr. Dozier:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Union Parish School Board, you have asked for our opinion as to whether the Union Parish School Board may impose a real estate parcel fee.
In Acorn v. City of New Orleans, 377 So.2d 1206 (La. 1979), the Louisiana Supreme Court classified a parcel fee as a "specific tax" and not an "ad valorem tax". In Acorn, the plaintiffs raised the issue of the parcel fee being illegal because it was not levied in proportion to the value of the property taxed and because it circumvented Article VI, § 26 of the Constitution by increasing the amount of taxes on the assessed valuation of real property. The court addressed these issues in pertinent part as follows:
 " . . . In Louisiana today, the same class of property must be assessed uniformly throughout the state for the purpose of taxation according to value. Other kinds of taxation are not constitutionally bound to a value basis.
* * *
 The tax involved here is not an ad valorem tax. Ad valorem means `according to value. Duties are either ad valorem or specific; the former when the duty is laid in the form of a percentage on the value of the property; the latter where it is imposed as a fixed sum on each article of a class without regard to its value. The term ad valorem tax is as well defined and fixed as any other used in political economy or legislation, and simply means a tax or duty upon the value of the article or thing subject to taxation.' Black's Law Dictionary, 3d ed.
 The tax under consideration here is clearly not levied according to the valuation of the property taxed; it is a specific tax, and not an ad valorem tax. It is not, therefore, a millage increase upon a parish ad valorem tax, and is not regulated by other provisions of law governing ad valorem taxation." *Page 2 
This office has consistently recognized that the power to tax is reserved for the Legislature, except as otherwise provided by the Constitution, and a political subdivision may exercise its power of taxation only under authority granted by the legislature and/or the constitution. In accord: Attorney General's Opinion No. 98-447.
It is well settled that Louisiana school boards have the general authority to levy sales and use taxes. See La.Const. Art. VI, Sec. 29; La.R.S. 33:2721.6. Further, the Union Parish School Board has the specific authority to levy additional sales and use taxes. See La.R.S.33:2737.62; and La.R.S. 33:2737.8. Still further, La.R.S. 39:811
provides the following with respect to a local school district's power to tax:
 § 811. Local funds for support of elementary and secondary schools
 Under the authority of Article VIII, Section 13(C) (Third) of the Constitution of 1974, for the purpose of giving additional support to public elementary and secondary schools in addition to the ad valorem maintenance tax authorized by Article VIII, Section 13(C) (First) and (Second) of the Constitution of 1974, any parish, school district, or subschool district, or any municipality or city school board which supports a separate city system of public schools may levy an ad valorem tax for a specific purpose when authorized by a majority of electors voting in the parish, municipality, district or subdistrict in an election held for that purpose.
Thus, in addition to the power to levy sales and use taxes, La.R.S.39:811 specifically grants local school districts the authority to levy an ad valorem tax. Such a tax must be authorized by a majority of the electors voting in the district, in an election held for that purpose.
Notwithstanding, our reading of La.R.S. 39:811 fails to reveal any authority to levy a "specific tax" such as a parcel fee; nor did we find any authority to levy such a fee in the constitutional or statutory references cited above. As such, without any specific authority granted by the Legislature, we do not believe the Union Parish School Board has the requisite authority to level a parcel fee. This conclusion is supported by the fact the Legislature specifically granted School District Number 3 of Jefferson Davis Parish, and School District No. 4 of Cameron Parish the authority to impose a parcel fee. See La.R.S.39:816, and La.R.S. 39:817.
Accordingly, it is the opinion of this office that the Union Parish School Board may not levy a parcel fee without legislative authority. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt